NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: GESTURE TECHNOLOGY PARTNERS, LLC,**
*Appellant*

---

2024-1037

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 90/014,900.

---

Decided:  January 27, 2025

---

ERIC CARR, Williams, Simons, and Landis PLLC, Austin, TX, argued for appellant.  Also represented by MARK JOHN EDWARD MCCARTHY, FRED WILLIAMS; JOHN WITTENZELLNER, Philadelphia, PA.

MARY L. KELLY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Coke Morgan Stewart.  Also represented by AMY J. NELSON, FARHEENA YASMEEN RASHEED, PETER JOHN SAWERT.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Gesture Technology Partners, LLC ("Gesture") appeals from an *ex parte* reexamination decision of the Patent Trial and Appeal Board ("the Board") holding claims 1–9, 11, 12, and 14–30 of U.S. Patent 8,553,079 ("the '079 patent") unpatentable. *In re Gesture Tech. Partners*, *LLC*, No. 2023-001713, Reexamination No. 90/014,900 (P.T.A.B. Jun. 25, 2024), J.A. 1–30.  For the following reasons, we *affirm*.

BACKGROUND

The '079 patent generally relates to gesture-based communication technology.  Specifically, it discloses a method and apparatus "for determining a gesture illuminated by a light source . . . [within] a work volume above the light source" and "a camera . . . positioned to observe and determine the gesture performed in the work volume."  '079 patent at Abstract.  The Board granted a third party's petition for *ex parte* reexamination and found claims 1, 4–9, 11, 12, and 17–20 of the '079 patent anticipated by U.S. Patent 5,982,853 ("Liebermann").  J.A. 13–16.  The Board also determined that claims 2, 3, 14, and 15 were obvious over the combination of Liebermann and U.S. Patent 6,115,482 ("Sears").  J.A. 17–25.  Liebermann and Sears both relate to computer-implemented methods and apparatuses that enable gesture-based communication by using cameras oriented to observe a work volume.  Liebermann at Abstract; Sears at Abstract.

Gesture timely appealed with respect to claims 1–9, 11, 12, 14, 15, and 17–20,[1]  and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

---

[1]    The Board additionally determined that claims 16 and 21–30 were obvious over Liebermann and other various prior art, but those claims are not at issue on appeal. J.A. 28–29.

## DISCUSSION

Gesture first argues on appeal that the Board's anticipation analysis regarding claims 1, 4–9, 11, 12, and 17–20 was flawed because the Board applied an incorrect construction of the term "apparatus" in claim 11.[2]  Gesture further argues that, even absent the Board's legal error, the Board's anticipation finding was not supported by substantial evidence because the Board misapplied Liebermann.  We disagree.

The Board properly rejected Gesture's narrow construction of "apparatus" as precluding a distributed system because the term's plain meaning "include[s] either a singular device or a combination of devices." J.A. 10.  Accordingly, the Board properly rejected Gesture's non-anticipation argument that relied on Liebermann's distributed system operating over several different devices. *Id.* at 13.

The Board also properly rejected Gesture's argument that Liebermann fails to anticipate claims 1 and 11's "determining a gesture" limitation because Liebermann's system determines gesture data *indirectly* through Liebermann's "identifiers" instead of direct camera output. *Id.* at 12–14.  Because neither claim limits how the gesture data are sent to the processing unit (*i.e.*, directly or indirectly from the camera), we agree with the Board that Liebermann's system anticipates representative claims 1 and 11.

Finally, the Board separately addressed dependent claim 8, finding that it was anticipated by Liebermann. *Id.* at 16.  We conclude that the Board's finding was supported by substantial evidence because, contrary to Gesture's

---

[2]    The Board's anticipation analysis addressed representative claims 1 and 11, as also applying to their dependent claims 4–9, 11, 12, and 17–20, and separately addressed dependent claim 8.

argument, Liebermann does in fact characterize how its system determines a "point on a user," as recited by claim 8. *Id.*

Gesture next argues that the Board's obviousness determination regarding claims 2, 3, 14, and 15 was flawed because Sears is nonanalogous art, and even if Sears is analogous art, the combination of Liebermann and Sears fails to render any claims of the '079 patent obvious. We disagree.

First, substantial evidence supports the Board's finding that Sears is analogous art because both the '079 patent and Sears relate to performing functions based on detecting gestures under the field of endeavor test, and regardless, Sears is reasonably pertinent to the '079 patent's identified problem of selecting an appropriate light source. *Id.* at 18–22.

Second, the Board correctly determined it would have been obvious to one of ordinary skill in the art to substitute Sears' LEDs into Liebermann's lamps 48 to illuminate the claimed work volume given Liebermann's disclosures about the need to ensure adequate lighting of the user's hands, face, and body. *Id.* at 23–25. As the Board explained, replacing Liebermann's lamps with Sears' LEDs was a matter of "simple substitution" for a person of ordinary skill in the art. *Id.* at 25.

Finally, Gesture argues that the Board lacked jurisdiction over this reexamination proceeding because the '079 patent has expired. That issue has been resolved, and rejected, in the separate opinion of *Apple Inc. v. Gesture Tech. Partners, LLC,* No. 23-1501, slip op. at 5–7 (Fed. Cir. 2025).

## CONCLUSION

We have considered Gesture's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## AFFIRMED